## MARMON *v.* WHITE ET AL.

[No. 18,409. Filed November 16, 1898.]

DEEDS.— *Consideration. — Husband and Wife.*— An agreement to marry constitutes a sufficient consideration to support a conveyance of real estate. *p. 448.*

FRAUDULENT CONVEYANCES.— *Husband and Wife. — Exemptions.*— When a debtor is a householder, and conveys or transfers his property to defraud his creditors, of which fraudulent intent his grantee or transferee has notice, his creditors cannot reach such property if the value of the wife's interest therein, the debtor's exemption of $600, and all liens on such property, senior to such creditors, equal or exceed the value of the property conveyed or transferred. *pp. 449, 450.*

HUSBAND AND WIFE.—*Inchoate Interest of Wife in Husband's Real Estate.—Value.*—The value of the inchoate interest of the wife in the husband's real estate is not equal to one-third of the value of such real estate, but such value is a question of fact, to determine which many elements beside the value of the land must be considered. The only case in which such interest equals one-third the value of the land is when the land is sold under execution or decretal order, and the title thereto has vested in the purchaser. *p. 450.*

FRAUDULENT CONVEYANCES.— *Inchoate Interest of Wife.— Judicial Notice.*—In ascertaining the value of real estate for the purpose of determining whether a decree setting aside a conveyance thereof from defendant to himself and wife as tenants by entireties would benefit plaintiffs, defendant's creditors, it is the duty of the court to take judicial notice of the fact that the wife of defendant is entitled to one-third of said real estate as against general creditors. *pp. 450, 451.*

HUSBAND AND WIFE.—*Lien of Wife on Husband's Real Estate.*—A wife who has expended money in the improvement of her husband's property under an agreement that such property should be conveyed to her and her husband, is entitled to a lien thereon for the amount so expended, senior to that of the husband's general creditors. *pp. 451, 452.*

JUDICIAL SALES.—*Rents and Profits.*—Sections 765–768, Burns' R. S. 1894, only requires the rents and profits of lands sold at sheriff's sale to be offered for sale, and if no bid is received therefor sufficient to satisfy the judgment, interest, and costs the sheriff must sell the

fee simple of the real estate. The fact that the rents and profits of the real estate for seven years exceed in value the amount of the judgment including interest and costs does not prevent the sale of the real estate in fee simple. *pp. 452-454.*

From the Marion Superior Court. *Affirmed.*

*William V. Rooker,* for appellant.

*Joseph E. Bell,* for appellees.

MONKS, J.—This action was brought by appellant against appellees to set aside certain conveyances of real estate as fraudulent, and subject the same to the payment of a judgment recovered by appellant against appellees Rush White and William T. White. The court made a special finding of the facts, and stated conclusions of law thereon in favor of appellees, and rendered judgment accordingly. The only error assigned is that the court erred in each conclusion of law.

The facts found are, substantially, as follows: Appellees Rush White and Ida L. White were married in 1895, at which time Rush White was the owner of a lot in the city of Indianapolis. Prior to the marriage they entered into an oral agreement that, in consideration of the marriage of said Ida L. to him, said Rush White would convey to her said real estate as a marriage settlement. In 1896, Rush White conveyed said real estate to his wife, the only consideration therefor being said agreement above named. At the time of said conveyance said real estate was worth $2,600.00, and was subject to a mortgage of $1,166.00. Rush White, at the time of making said conveyance had no other property except a one-half interest in the stock of groceries, etc., owned by the firm of White & White, his brother, the appellee William T. White, being the other member of the firm; which partnership property, including the claims owing to said firm, was then worth $1,700.00, and the indebtedness

of the firm was then $1,800.00. The firm property was on May 18, 1896, sold for $1,407.98, and all of the proceeds thereof were placed in the hands of a trustee for certain creditors, whose claims equaled the proceeds received by said trustee. The appellees William T. White and Mamie White were married in 1889. In March, 1894, said William T. White purchased a certain lot in the city of Indianapolis, paying therefor $1,500.00 cash, and assuming the payment of a mortgage thereon for $500.00. At the time of said purchase appellee Mamie White had, as her separate estate, $800.00 in money. Afterwards it was agreed by parol between said husband and wife that said Mamie, out of her own means, should remodel and improve the house on said real estate, in consideration of which said William T. should cause the same to be conveyed through a trustee to himself and said Mamie, his wife, to have and hold the same as tenants by entireties and under said agreement appellee Mamie White expended of her own estate, in improving the said real estate, and for certain street and sewer assessments, the sum of $873.00. On March 8, 1896, said William T. White and Mamie, his wife, conveyed said real estate to a trustee, who conveyed the same to them as husband and wife. The consideration for such conveyance was the payment of the said sum of $873.00. The value of the said real estate was at the time of said conveyance, and at the time of the trial, $2,630.00, and the rental value thereof per month $18.00. At the time of said conveyance to said trustee said William T. White contemplated insolvency, and executed said deed for the purpose— First, of securing the payment made by his wife, under the agreement heretofore mentioned; and, second, to place the title to said real estate in the name of himself and wife, so as to prevent the same being seized

by the creditors of the firm of White & White; but appellee had no knowledge that her husband was insolvent, or of any fraudulent intent on his part. At the time of said conveyance by Rush White and his wife, and at the time of the conveyance by William T. White and his wife to said trustee, the firm of White & White was indebted to appellant on contract in the sum of $183.53, for which appellant afterwards recovered a judgment against said appellees Rush White and William T. White. Appellees Rush White and William T. White were at the time of making said conveyances, and now are, householders residing in Marion county, Indiana. The court found, as a conclusion of law, that appellant was not entitled to have either tract of said real estate subjected to sale to pay his judgment.

The finding does not show that the conveyance by Rush White to his wife, Ida L. White, was made with a fraudulent intent or purpose, or that she had any knowledge of such intent or purpose, but it was found that the consideration for said conveyance to her was her agreement to marry him. This was a valuable consideration. *State, ex rel.,* v. *Osborn,* 143 Ind. 671, 677, 678, and authorities cited; 6 Am. & Eng. Ency. of Law (2 ed.), 724; Wait on Fraudulent Conveyances, section 212.

It is evident that the court did not err in the conclusion of law that appellant was not entitled to have the real estate conveyed to appellee Ida L. White sold to pay his judgment. Besides, the conveyance by Rush White to his wife did not harm appellant, for the reason that at the time said conveyance was made said Rush White was a householder, and had no property out of which he could claim the exemption of $600.00 except said real estate. His wife Ida L. was entitled to one-third in value of said real estate

Marmon v. White et al.

as against said appellants, under section 2669, Burns' R. S. 1894 (2508, Horner's R. S. 1897), if the same was sold at execution sale on said judgment. She was also entitled to have said mortgage for $1,166.00 paid, if it could be done without encroaching on her interest in said real estate. *Kelley* v. *Canary*, 129 Ind. 460, 462, and cases cited; *Purviance* v. *Emley*, 126 Ind. 419.

It is proper, therefore, to charge the amount of said mortgage against said real estate after deducting the value of her interest therein. The value of said real estate, after deducting the value of said Ida L.'s interest therein, which she could take as against a purchaser at execution sale on said judgment, was $1,733.34. The amount of the mortgage, $1,166, and the $600 exemption, equal $1,766; so that, if said real estate had been sold to pay appellee's claim at the date said deed was made, for its full value, which was $1,766, subject to the inchoate interest of the wife, the proceeds would not have been sufficient to pay the mortgage and the exemption allowed appellee Rush White. It follows, therefore, that, even if Rush White had conveyed said real estate with the fraudulent intent of cheating and defrauding his creditors, of which intent his wife had knowledge, and the special finding had so stated, appellant would not have been damaged thereby, and would not, therefore, have been entitled to any relief in this action. *Citizens' Bank* v. *Bolen*, 121 Ind. 301, 306, 307, and cases cited; *Moss* v. *Jenkins*, 146 Ind. 589, 599.

The rule in such a case is that when a debtor is a householder, and conveys or transfers his property to defraud his creditors, of which fraudulent intent his grantee or transferee has notice, his creditors cannot reach such property, if the value of the wife's interest therein, the debtor's exemption of $600, and all liens

on such property, senior to such creditors, equal or exceed the value of the property so conveyed or transferred. *Moss* v. *Jenkins, supra*, 599.

A different question is presented concerning the real estate conveyed by the trustee to William T. White and his wife. It cannot be said, as a matter of law, that the inchoate interest of Mamie White in the real estate of her husband conveyed to the trustee, and by him reconveyed to her and her husband, was, at that time, worth $876, one-third of $2,630, the value of said real estate as found by the court when said conveyance was made. If a husband conveys real estate by a deed in, which his wife does not join, it is not true, as a matter of law, that the value of her inchoate interest in said real estate is one-third the value of said real estate. In such case she is not entitled to any part of said real estate unless she survives her husband. She may not survive him, in which case the title of the husband's grantee would be as perfect as if she had joined in the deed; or her husband may live many years after the deed is made, and not until his death would she be entitled to one-third of said real estate, under section 2652, Burns' R. S. 1894 (2491, Horners' R. S. 1897). It is clear that the value of such interest in such a case is a question of fact, to determine which many elements beside the value of the land must be considered. The only case in which it can be said that the value of the inchoate interest of the wife in the land of her husband is one-third the value of such land, is when such land is sold under execution or decretal order, and the title thereto vested in the purchaser. Section 2669, Burns' R. S. 1894 (2508, Horner's R. S. 1897). In determining whether a decree for the sale of the real estate held by William T. White and wife, as tenants by entireties, would be

of any ultimate benefit to appellant, it was the duty of the trial court, and is the duty of this court, to take judicial notice of the fact that under the law said Mamie White was, and would be, entitled to one-third of said real estate as against appellant or any other person purchasing the same at sheriff's sale to pay appellant's judgment. The special finding shows that appellee Mamie White had no knowledge of any fraudulent intent on the part of her husband, and that, under the contract said real estate should be conveyed to her and her husband, she paid street and sewer assessments against said real estate, and for improving said real estate, in all, the sum of $873. The rule is that when the purchaser has not been guilty of any positive fraud, and the circumstances are such as make it highly injurious and inequitable as to the creditors for the conveyance to stand, the same may be set aside, upon such terms as will protect a purchaser whose purchase is only constructively fraudulent. *Smith* v. *Selz*, 114 Ind. 229, 234; *First Nat'l Bank* v. *Smith*, 149 Ind. 443, and cases cited. Under this rule the $873 paid by appellee Mamie White for improvements on said real estate, and for street and sewer assessments, she was entitled to a lien thereon, for the same, junior only to the mortgage for $500. The value of the real estate, as found by the court, was $2,630. Mamie White would be entitled to the undivided one-third of said real estate if sold to satisfy appellant's judgment. The value of the real estate to be sold would be $2,630.00, less $876.66, the value of her one-third, which is $1,753.34. To determine whether the sale of said real estate on execution to pay said judgment would be of any ultimate benefit to appellant, the following sums must be deducted from the value of said real estate, because they must be paid out of

the proceeds of said sale before any part thereof could be applied upon appellant's judgment:

Amount paid by Mamie White for improvements on said real estate and for street and sewer assessments..................$  873.00

Mortgage on said real estate..............    500.00

Amount of exemption allowed William T. White, resident householder ............    600.00

Total ...................... ............$1,973.00

The amount to be paid out of the proceeds of the sale of the property if sold to pay appellant's judgment is $219.66 in excess of the value of the interest in said real estate subject to sale. It is evident, therefore, that the appellant was not damaged by the conveyance of said real estate.

Appellant insists, however, that, under the provisions of sections 765-768, Burns' R. S. 1894· (753-756, Horner's R. S. 1897), the owner of a judgment is required to purchase "the rents and profits" of his debtor's real estate at the amount of his judgment, interest and cost, provided the same does not exceed two-thirds of the appraised value thereof for a period not exceeding seven years. That is that the owner of such a judgment is required to purchase the rents and profits of such real estate at execution sale for such period, not exceeding seven years, that two-thirds of the rental value of such real estate for such period would equal the amount of the judgment, interest and cost; that in this case, as the two-thirds of the rental value for seven years is in excess of appellant's judgment, interest and cost, if the court ordered said real estate sold to pay said judgment appellant would be required by said sections 765-768 (753-756), *supra*, to purchase the rents and profits of said real estate on

such order for such period; that two-thirds of the rental value for such period would equal the amount of the judgment, principal, interest and cost, which period he estimates would be twenty-one months; that, therefore, the greatest interest appellant could acquire in said real estate would be a leasehold interest for twenty-one months, and the legal title of the husband therein would not become absolute and vested in the purchaser at sheriff's sale, which is required by section 2669 (2508), supra, before the inchoate interest of the wife would be vested in her; and such being the case that in determining whether the conveyance of said real estate damages appellant, it was not proper to estimate the value of her inchoate interest in said real estate at one-third of the whole value of said real estate.

It is only on the theory that his construction of sections 765-768 (753-756), supra, is correct, that appellant insists that, in determining whether appellant was damaged by said conveyance, it is not proper to count the value of Mamie White's interest in said real estate at one-third the value thereof, and deduct the same from the value of said real estate. Said sections, however, will not bear such construction. If appellant procured an order to sell said real estate to pay his judgment, he would not be required to sell the rents and profits of the same for a period not exceeding seven years. Said sections only require that the rents and profits of the real estate for a period not exceeding seven years be first offered, and, if no one bids enough therefor to pay said judgment, interest and cost, then it is the duty of the sheriff to offer the fee simple. The fact that the rents and profits of the real estate, or two-thirds thereof, for seven years, exceed in value the judgment, interest and cost, does not prevent the sale of said real estate in fee simple on exe-

cution to pay such judgment. The statutes only require such rents and profits to be first offered for sale, and, if no bid is received therefor sufficient to pay the judgment, interest and cost, the sheriff must sell the fee simple of the real estate to pay such judgment. Finding no error in the record, the judgment is affirmed.