Baldwin *v.* Heil.

---

BALDWIN *v.* HEIL ET AL.

[No. 18,918.  Filed Oct. 10, 1900.  Rehearing denied Jan. 24, 1901.]

APPEAL AND ERROR.—*Special Finding.*—*Conclusions of Law.*—A conclusion of law erroneously included in the special finding of facts will be disregarded on appeal.  *p. 684.*

SAME.—*Special Finding.*—*Assignment of Error.*—A specification of error that a conclusion of law was erroneously included in the special finding of facts presents no question for review.  *p. 684.*

Baldwin *v.* Heil.

APPEAL AND ERROR.—*Special Finding.*—*Assignment of Errors.*—Where an objectionable statement not warranted by the evidence is included in the special finding of facts, the objection thereto should be first presented by a motion for a new trial.  *p. 684.*

SPECIAL FINDING.—*Conclusion of Law.*—The insertion in the special finding of facts by the trial court in an action on a note that the amount due, including interest and attorney's fees, was $500, was not objectionable as a conclusion of law included in the finding of facts, since such statement was a finding of fact, and not a conclusion of law.  *p. 684.*

APPEAL AND ERROR.—*Conclusions of Law.*—*Joint Exception.*—Where the exception to the conclusions of law is made jointly, if any one of them is correct the exception must fail as to all.  *pp. 684, 685.*

HUSBAND AND WIFE.—*Inchoate Interest of Wife.*—*Deeds*—*Consideration.*—The surrender by a wife of her inchoate interest in the lands of her husband constitutes a valuable consideration for the conveyance to her of other property by way of compensation for the interest so surrendered and conveyed by her.  *p. 690.*

SAME.—*Conveyance to Wife in Lieu of her Inchoate Interest.*—*Fraudulent Conveyances.*—A conveyance of real estate to a wife in exchange for real estate owned by her husband, made in lieu of her inchoate interest therein, will not be set aside, at the instance of creditors, as fraudulent, where it was shown that the land owned by the husband was worth $9,320, subject to a mortgage debt of $4,500, and the property conveyed to the wife was of the value of $2,400.  *p. 691.*

From the Newton Circuit Court.  *Affirmed.*

*William Cummings, William Darroch* and *D. P. Baldwin,* for appellant.

*F. A. Comparet, Frank Foltz, C. G. Spitler* and *H. R. Kurrie,* for appellees.

DOWLING, J.—Action by appellant upon two promissory notes executed by appellee Daniel Heil, and to set aside as fraudulent a conveyance of land made to the wife of said appellee.  Trial by the court; special finding of facts, with conclusions of law thereon; and, after divers motions by appellant, judgment against Daniel Heil on one of the notes, and in favor of Elizabeth Heil upon the issue as to the liability of the land to the judgment recovered by the appellant.  No question upon the pleadings is presented.  The

object of the various motions of appellant was to increase the amount of his judgment, and to have the land held by Elizabeth Heil, or some part of it, subjected to the payment of appellant's claim. These motions were overruled. On the return of the special finding, the appellant excepted "to the conclusions of facts and law as rendered by the court." A motion for a new trial was made by appellant, but the ruling of the court on that motion is not assigned for error.

The first error attempted to be assigned is in these words: "The court below erred in inserting in its first conclusion of fact, the following conclusion of law, viz.: 'that the amount due Baldwin at that time, with ten per cent. interest and attorney's fees was $500.'" This specification of error. presents no question for review. If a conclusion of law is erroneously included in a special finding of facts, it will be disregarded on appeal. *Old Nat. Bank* v. *Heckman,* 148 Ind. 490, 512; *Craig* v. *Bennett,* 146 Ind. 574; *Stalcup* v. *Dixon,* 136 Ind. 9.

But if the objectionable statement is really a conclusion of fact not warranted by the evidence, the objection thereto should be first presented by a motion for a new trial. Matters which constitute grounds or reasons for a new trial, as a general rule, cannot be independently assigned as error. *Tarkington* v. *Purvis,* 128 Ind. 182, 9 L. R. A. 607; Elliott's App. Proc. §347; Ewbank's Manual, §134.

The finding complained of must be regarded as a finding of fact, and not a conclusion of law. The balance due on the notes at a given date was a fact depending upon the original amount of the notes, the rate of interest, and the sum of the payments. Whether the appellee, Daniel Heil, was liable to pay the amount found due was a conclusion of law. *Braden, Adm.,* v. *Lemmon,* 127 Ind. 9; *Biddle* v. *Pierce,* 13 Ind. App. 239.

The *second, third, fourth,* and *fifth* errors assigned call in question the correctness of the four conclusions of law upon the special finding of facts. The exception to these

conclusions was taken in gross, so that the conclusions cannot be assailed in detail. If any one of them is correct, the exception must fail as to all. We are of the opinion, however, that all the conclusions were correct.

The facts found by the court were as follows: August 29, 1876, Daniel Heil and Henry Bartlett executed to the appellant a note for $73.75, due in sixty days, bearing interest at the rate of ten per cent., and providing for the payment of attorney's fees; January 30, 1877, the same parties executed to the appellant another note for $200, bearing interest at the rate of ten per cent., and containing an agreement for the payment of attorney's fees; in February, 1887, Bartlett having before that died insolvent, appellant threatened to sue Heil, and put the two notes in the hands of an attorney for collection; Heil thereupon executed to appellant, in settlement of his claim, three notes, amounting together to $600, payable at one, two, and three years, bearing eight per cent. interest; at the time these three notes for $600 were given to appellant, the true amount due to him on account of the original notes, including interest and attorney's fees, was $500 only; Heil, thereafter, that is, from February, 1887, paid to the appellant interest at the rate of eight per cent. on $600, the face of said three notes, until February 15, 1896; at the date last named Heil took up the three notes, and executed to the appellant the note for $600 described in the complaint. Heil paid the interest on this note at the rate of eight per cent. up to March 12, 1897. He afterwards executed to appellant the note for $50, set out in the complaint, in consideration of the unpaid interest on the $600 note, and the grant of additional time to pay the same; the two notes have never been paid, excepting $48 per year thereon for the period of eight years; the sum of $65 is a reasonable attorney's fee for collecting the notes sued on; in October, 1897, the appellee Daniel Heil owned 233 acres of land in Cass county, Indiana, subject to a mortgage for $4,500,

executed by him and his wife, and co-appellee, Elizabeth Heil, to the Aetna Life Insurance Company, bearing date about December 25, 1896; one Charles D. Wilson, being the owner of the two pieces of real estate in Kentland, Indiana, described in the complaint, an exchange of property was agreed upon between him and Daniel Heil; in the exchange, Heil's land in Cass county was valued by both parties at $44 per acre, but its real value, as shown by the proof, was $40 per acre, or $9,320; the Kentland property was, likewise, valued at $4,750, but its real value was $2,400, and no more; Wilson agreed to assume the payment of the mortgage debt of $4,500, and the accrued interest, on the Cass county land, and, after deducting the amount thereof from its agreed value of $44 per acre, he was to pay the difference, about $1,000, to Heil in money; at the time of this transaction, the appellee Daniel Heil owed $3,500 in addition to the $4,500 due upon the mortgage debt, and he had not then, nor did he at any time afterwards, have sufficient property, real or personal, to pay his debts; at the time of the commencement of this suit he had no property in his own name subject to execution; when the exchange of property took place, the appellees, Heil and wife, caused the deed of conveyance for the Kentland real estate to be made by Wilson to the appellee Elizabeth Heil, to avoid the payment of a claim of $4 per acre, held by one Winslow for his services in effecting the exchange of said lands, and to protect the appellee Elizabeth Heil in the enjoyment of the Kentland property; the appellee Elizabeth Heil had two children by her co-appellee, Daniel Heil; she received the conveyance of the Kentland real estate for the purpose of defeating the claim of Winslow, to secure her rights as the wife of her co-appellee, and to save it from the creditors of her husband; at the time the appellee Elizabeth Heil received the deed for the Kentland property, she released her inchoate rights as the wife of Daniel Heil in the Cass county land; the value of the Cass county land

was $40 per acre; the value of the Kentland property was $2,400, one parcel ·thereof, called the dairy, being worth $1,200, and the other, called the store, $1,200; after the exchange of the Cass county lands for the Kentland property the appellee Daniel Heil owned personal property of the value of about $2,000; at the request of her husband, Elizabeth Heil executed a deed for the property in Kentland, called the store, to one Peter Heil to secure an alleged debt of her husband but the deed was void because Daniel Heil did not join in it; after the exchange of lands with Wilson, Daniel Heil mortgaged all of his personal property to his brother to secure a pretended debt of $1,500, for the purpose of hindering and delaying his, Daniel Heil's, creditors.

Upon the foregoing facts, the court stated the following conclusions of law:

"(1)  That Daniel Heil is indebted to the plaintiff, Daniel P. Baldwin, in the sum of $380, without relief from valuation or appraisement laws, and that a reasonable fee to collect the same is $65, for which total sum of $445 he is entitled to a judgment without relief from valuation or appraisement laws; (2) that the $50 note, being given for interest, and merged in the judgment, there is no necessity for reforming the same; (3) that the conveyance of the Kentland real estate to Elizabeth Heil, to wit, the south twenty-one feet of lots one, two, and three, in block thirteen, of the original plat of the town of Kentland, and out lot twenty-three, in McCulloch's addition to the town of Kentland, was made in good faith by Wilson and wife to Elizabeth Heil, and received by her with the intent to secure herself in her right as wife.   That Daniel Heil caused said deed to be executed and received by Elizabeth Heil to prevent his creditors from recovering two-thirds of the same from his wife; (4) that judgment for the costs go against the defendant, Daniel Heil, and in favor of the defendant, Elizabeth Heil."

Among the defenses set up by the appellee Daniel Heil were want of consideration, and usury. As the court found that in February, 1887, when the three notes amounting to $600 were executed, only $500 was due, and that eight per cent. was charged and paid on this fictitious basis for eight years; and as it further found that the fictitious principal of $600 was carried forward into the note executed February 15, 1896, and interest for one year at eight per cent. was charged and paid on it, the defense of usury was made out, and the appellant was entitled to receive interest at the rate of six per cent. only, calculated upon a principal of $500, and subject, each year, for nine years, to a credit of $48. The amount really due the appellant, on account of principal and interest at the time of the trial, was $341.84, to which the attorney's fee of $65 is to be added, making a total of $406.84. The amount found to be due and allowed by the court to the appellant was $445 or $38.16 in excess of the correct sum.

No question is raised by the appellant as to the correctness of the *second* conclusion of law, but an attempt is made to avoid the consequences of the admission by the suggestion that the conclusion was immaterial. The complaint, unnecessarily, sought the reformation of the note referred to in the second conclusion in a particular which was unimportant, and the conclusion of the court that such reformation was unnecessary was proper. We are not prepared to say that where there are several conclusions of law, and an exception is taken to them in gross, the immateriality of one or more of the conclusions, if otherwise correctly stated, would relieve the party excepting from the consequences of his failure to except to each conclusion separately; but this question is not important in the present case, and we do not decide it.

The third conclusion involves the question of the validity of the conveyance by Wilson to Mrs. Heil of the Kentland lots. The law of this part of the case is very plain, and is

very well settled.  As the wife of her co-appellee, Daniel Heil, she had an inchoate interest in the Cass county land of which her husband was seized.  If she survived him, or, in case of a judicial sale of the lands where her interest was not directed by the judgment to be sold, or barred by virtue of the sale, her inchoate interest would become absolute, and vest in her.  §§2640, 2669 Burns 1894, §§2483, 2508 R. S. 1881 and Horner 1897.

If the value of the real estate of her husband did not exceed $10,000, then, either upon his death, or upon a judicial sale, she would take one-third in fee simple of all lands of which her husband was seized at any time during coverture, in the conveyance of which she did not join.  While Mrs. Heil's interest in the lands was contingent, and uncertain, yet it was a valuable interest, and one of which she could not be devested without her consent.  In the absence of fraud, she had the right to fix her own valuation upon it, and to stipulate, in the exchange of the real estate, that her interests should be protected by the conveyance to her of a part of the consideration upon which the Cass county lands were transferred to Wilson.  Apparently, the transaction between Wilson and Daniel Heil was advantageous to the latter.  Wilson assumed the payment of the mortgage debt of $4,500, with interest, on the Cass county lands, and in addition to the transfer of the Kentland lots paid to Heil $1,000 in money.  The court found that the value of the Cass county lands was $9,320, and the value of the Kentland lots $2,400.  The valuation put upon the respective parcels of real estate in the exchange, by the parties, was immaterial in a controversy between Mrs. Heil and a creditor of her husband.  If it was important to measure the value of her interest in the lands, such measurement was properly made upon the basis of their real value, and not upon the fictitious and exaggerated estimate adopted by the parties.  It is little short of absurd to say that in their dealings with, or relations to, strangers, the parties to an ex-

change of real estate are bound by the nominal consideration set out in the deeds, or by the nominal values fixed upon the respective parcels of land for the purposes of the transaction.

The court found as a fact that Heil and his wife "caused the deed of the Kentland property to be made to the wife to avoid the payment of a claim of one Winslow for a commission of $4 per acre, claimed by him for making the exchange, and to protect the said Elizabeth in the enjoyment of the Kentland property against Daniel Heil's creditors, she having two children by him." The burden was upon the appellant to show that the conveyance of the Kentland property to Mrs. Heil was fraudulent, and that he was, or might be, damaged by it. On a voluntary sale or exchange of the Cass county lands, Daniel Heil being insolvent, the only means, or certainly the most natural means, by which the inchoate interest of Mrs. Heil in said lands could be protected was by the conveyance or delivery to her of a part of the consideration received for said lands. She had a legal right thus to secure herself against her husband's creditors. In no other way could her rights in the land be so easily and effectually protected. Had the Kentland lots been conveyed to Heil, his creditors could have subjected two-thirds of such real estate to sale, and his wife would have had little or nothing for her interest in the Cass county lands. That the inchoate interest of a wife in the lands of her husband, in the conveyance of which she is asked by him to join, constitutes a valuable consideration for the conveyance by him, or at his request, to her of other property by way of compensation for the interests so surrendered and conveyed by her, has been recognized by this court in many cases. *Sharts* v. *Holloway,* 150 Ind. 403; *Ohio, etc., Co.* v. *Bevis,* 18 Ind. App. 17; *Worth* v. *Patton,* 5 Ind. App. 272; *Merchant, etc., Assn.* v. *Scanlan,* 144 Ind. 11; *Marmon* v. *White,* 151 Ind. 445; *Isgrigg* v. *Pauley,* 148 Ind. 436.

We think, therefore, that the transfer of the Kentland lots to the appellee Elizabeth Heil cannot be successfully

assailed on the ground of fraud perpetrated upon the appellant.

The third conclusion of law is correct for the further reason that the conveyance of the Kentland lots to the appellee Elizabeth Heil did not harm the appellant. Had no exchange of real estate taken place, and had Heil continued to own the Cass county lands, then, on a sale of the same on execution in favor of appellant, Mrs. Heil, as against him, would have been entitled to receive one-third of the proceeds of such sale, and the appellant would have been entitled to no part of such proceeds until after the payment of the one-third coming to the wife, and of all liens and encumbrances on the property prior to his own. *Marmon* v. *White*, 151 Ind. 445; *Clements* v. *Davis, ante*, 624.

Supposing that the lands sold for $9,320 (the value found by the court), the amount of the mortgage debt, $4,500 and interest, would have been first paid, and next, Mrs. Heil would have been entitled to receive $3,106.66, or, $706.66 more than the value of the Kentland lots, as stated in the finding.

As was said in *Marmon* v. *White*, 151 Ind. 445, 454, a case closely resembling the present one, "It follows, therefore, that, even if Rush White had conveyed said real estate with the fraudulent intent of cheating and defrauding his creditors, of which intent his wife had knowledge, and the special finding had so stated, appellant would not have been damaged thereby, and would not, therefore, have been entitled to any relief in this action. *Citizens Bank* v. *Bolen*, 121 Ind. 301, 306, 307, and cases cited; *Moss* v. *Jenkins*, 146 Ind. 589, 599."

The fourth conclusion of law, that the appellee Elizabeth Heil was entitled to judgment for costs was a necessary consequence of the preceding conclusions, and was correct.

What has been said fully disposes of all the points made and discussed in appellant's briefs. We find no error. Judgment affirmed.