## HIGGINS, SHERIFF, v. ORMSBY.

[No. 18,879. Filed January 24, 1901.]

HUSBAND AND WIFE.—*Inchoate Interest of Wife in Husband's Lands.* —*Deeds.*—*Judgments.*—Plaintiff's husband was the owner of 120 acres of land encumbered by mortgages in which she did not join. A judgment was recovered against the husband on a debt owing by him alone, and an execution was issued thereon. Thereafter an agreement was entered into by which the entire tract was conveyed to one of the mortgagees and the mortgages thereon satisfied in consideration of such transfer, and forty acres of the land conveyed back to plaintiff in lieu of her inchoate interest in the 120 acres. The amount due on the mortgages exceeded the value of two-thirds of the land. The wife brought suit to enjoin the enforcement of the judgment against the land conveyed to her. *Held,* that the judgment was not a lien on the land conveyed to plaintiff.

From the Wells Circuit Court. *Affirmed.*

*A. N. Martin* and *W. H. Eichhorn,* for appellant.
*G. Mock, J. Mock* and *L. Mock,* for appellee.

BAKER, J.—In this suit by appellee to enjoin appellant from selling her land on an execution issued on a judgment against her husband, the court specially found these facts: Appellee is, and for more than twenty years has been, the wife of Oliver Ormsby. In 1890 Ormsby owned 120 acres of land in Wells county. This was all the land he owned throughout the period covered by the transactions herein mentioned. The title stood in his name continuously until January 3, 1898. In 1891 Ormsby executed a mortgage on all his land to one McKee for $1,000. In 1896 Ormsby executed a mortgage on all his land to one Lipkey for $2,331.50. Appellee did not join her husband in the execution of either of these mortgages, nor was she in any way liable for any part of the debts secured thereby. In April, 1897, one Scott recovered a judgment against Ormsby in the Wells Circuit Court for $68.39 without relief from valuation laws. Appellee was not a party to that action, nor was she in any way liable for any part of the debt for which the judgment was rendered. In November, 1897, an execution, duly issued on the Scott judgment, came into the hands of appellant as sheriff of Wells county. On January 3, 1898, there was due and unpaid on the McKee mortgage $1,140, and on the Lipkey mortgage $2,913. The actual value of Ormsby's 120 acres was $4,200 at this time. On the day last named, Lipkey proposed that he would satisfy the debts secured by the two mortgages and release the mortgages of record, if Ormsby and appellee would execute to him a deed for eighty acres at $3,200, and if Ormsby would assign to him certain promissory notes of the value of $700 and would give him a chattel mortgage on certain personal property for $153. Ormsby agreed to the proposition, but appellee refused to join in a deed of the eighty acres unless she should be compensated for her inchoate interest in the whole 120 acres. It was thereupon mutually agreed

between the three parties that Ormsby and appellee should deed the 120 acres to Lipkey, and that, in consideration of appellee's surrender of her inchoate interest in the 120 acres, Lipkey should convey to her forty acres of the land, and further that Lipkey should cancel the debts and release the mortgages in consideration of the remaining eighty acres and the receipt of the $700 in notes and the $153 chattel mortgage above mentioned. This agreement was carried out in full. The deed from Ormsby and appellee to Lipkey was executed on January 3, 1898, and was duly recorded five days later. The deed from Lipkey to appellee was executed on January 8, 1898, and was duly recorded nine days later. The agreement was entered into and was carried out in good faith and without any intention on the part of any party thereto to defraud any of the creditors of Ormsby. The actual value of the eighty acres that Lipkey got was $2,800, and of the forty acres that came to appellee $1,400. There was no change in the possession of the forty acre tract. Ormsby and appellee continued to occupy it as their home. On April 1, 1898, appellant, failing to receive satisfaction from Ormsby on demand and finding no personal property on which to levy, levied the execution on thirty-five acres of the land that had been conveyed to appellee. Appellant advertised that he would sell the land on May 7, 1898. This suit was begun on May 4, 1898.

On these facts the court concluded: (1) That appellee is, and was when she began her suit, the owner in fee of the forty acres; (2) that neither the Scott judgment nor the execution was a lien thereon; and (3) that appellant should be perpetually enjoined from selling appellee's land on the Scott execution. Judgment was entered accordingly.

By the assignments of error, one question only is presented: At the time the levy was made, was the Scott judgment a lien upon the land that came to appellee by the deed from Lipkey?

It is true, as appellant contends, that a married woman's

Higgins *v*. Ormsby.

inchoate interest in her husband's real estate can become a vested interest, by operation of law, only in one or the other of two ways. By §§2640, 2652 Burns 1894, §§2483, 2491 R. S. 1881 and Horner 1897, an undivided third is cast upon her at the death of her husband intestate. By §2669 Burns 1894, §2508 R. S. 1881 and Horner 1897, an undivided third is cast upon her during the life of her husband, whenever, as the result of a sale based on judicial proceedings in which her inchoate interest is not barred, "the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise". The clause "and not otherwise" means that the wife's inchoate interest can not become a vested interest, during her husband's lifetime, by the operation of the law upon other circumstances than those specified in the context. It is an erroneous assumption, however, to say that a married woman's inchoate interest must continue inchoate until the law, upon the husband's death or the divestiture of his title by judicial sale, transforms it into a vested interest. At the happening of either of the events named, the law converts the married woman's inchoate into a vested interest, while she remains passive. To assert that there is no other way by which her inchoate interest may be converted, is to deny a married woman the right to deal actively with her inchoate interest as a thing of value. But the law is otherwise. She may contract to extinguish her inchoate interest in consideration of receiving the fair equivalent of its value; and the transaction is impervious to the assaults of her husband's creditors, if they have not been injured thereby. *Hollowell* v. *Simonson,* 21 Ind. 398; *Brown* v. *Rawlings,* 72 Ind. 505; *Worley* v. *Sipe,* 111 Ind. 238; *Hilbish* v. *Hattle,* 145 Ind. 59, 69; *Marmon* v. *White,* 151 Ind. 445; *Baldwin* v. *Heil,* 155 Ind. 682.

Was the judgment creditor in this case injured by the conveyance? The judgment, when rendered, did not attach

to the land like a tree taking root.  It reached only the actual interest of Ormsby in the land that was subject to execution.  A judgment may be subordinated to all prior equities, open or secret.  *Pugh* v. *Highley,* 152 Ind. 252, 71 Am. St. 327, 44 L. R. A. 392.  The whole tract was worth $4,200.  The mortgages amounted to $4,053.  Ormsby's exemption was $600.  It is therefore apparent that there was no actual interest subject to execution on Scott's judgment, independently of the question of the value of appellee's inchoate interest.  Appellee joined her husband in conveying the whole tract to Lipkey on the consideration that Lipkey should convey the forty acre tract to her as the fair equivalent of her inchoate interest in the whole.  Lipkey took the whole free from Scott's judgment, and might have quieted his title to the whole against the apparent lien. *Barnard* v. *Brown,* 112 Ind. 53; *Citizens Bank* v. *Harris,* 149 Ind. 208.  On the facts found, appellee took title to the forty acres free from the apparent lien of Scott's judgment. *DeArmond* v. *Aid Society,* 94 Ind. 59; *Ribelin* v. *Peugh,* 126 Ind. 216; *Isgrigg* v. *Pauley,* 148 Ind. 436; *Marmon* v. *White,* 151 Ind. 445; *Baldwin* v. *Heil,* 155 Ind. 682.

Judgment affirmed.