## State Bank of Otterbein et al. v. Esther B. Reardon et al.

1. WITNESS—*when widow incompetent as.* A widow is incompetent to testify as a witness to any conversations had with her deceased husband.

2. SETTLEMENT—*what sufficient consideration moving from wife to support.* A settlement of property by a husband upon his wife in consideration of the release by the wife of her inchoate rights of dower and homestead in other property owned by the husband, if the value of such rights bears a reasonable proportion to the value of the property settled upon the wife, is valid and will prevail against existing creditors and subsequent purchasers.

Bill in equity. Error to the Circuit Court of Piatt county; the

Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed November 27, 1906.

HERRICK & HERRICK, for plaintiffs in error.

REED & REED, for defendants in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This was a bill in equity in the nature of a creditor's bill by plaintiffs in error and Mary E. Richner against defendants in error, to set aside a conveyance of sixty acres of land in Piatt county, by Edwin McGath, in his lifetime, to Joseph M. Conway, trustee, and a subsequent conveyance of the same land by said Conway, as trustee, to Esther B. Reardon, formerly Esther B. McGath, for life, with a remainder in fee to the children of Edwin and Esther McGath. The bill alleges that the said conveyances were without consideration and were made to hinder, delay and defraud the creditors of the estate of said Edwin McGath, deceased. The answer of the defendant in error, Esther B. Reardon, admits the making of the conveyances alleged in the bill but denies that they were without consideration and fraudulent as to creditors. The answer further alleges that at the time of the conveyance by herself and her husband, Edwin McGath, to Joseph M. Conway, as trustee, her husband and herself were living in White county, Indiana, where her husband owned 240 acres of land; that she joined with her husband in conveying the 240 acres in White county, Indiana, and the sixty acres in Piatt county, Illinois, to said trustee, upon consideration that said trustee should convey the sixty acres in Piatt county, Illinois, to her for life and to the children of her and her husband then living, in fee; that she refused to execute a conveyance of her rights in said lands unless the sixty acres in Piatt county, Illinois, were conveyed to her and her children as aforesaid; that under the laws

of the State of Indiana, she was entitled upon the death of her husband, to one-third of his real estate in fee, to a homestead of $600 and a widow's allowance of $500, and that she released these rights and joined in the deed of trust conveying the 240 acres in Indiana, for the benefit of the creditors of her husband in consideration that the sixty acres in Illinois should be conveyed to her and her children, and that full consideration was thereby paid by her for the conveyance of said sixty acres to her and her children. Upon the hearing before the chancellor, a decree was entered dismissing the bill for want of equity, and this writ of error is prosecuted to reverse such decree.

It appears from the evidence that in April, 1896, Edwin McGath and his wife, Esther, were living in White county, Indiana, where he owned 240 acres of land of the value of $14,000, encumbered by mortgages executed by himself and wife to Perry W. Hunter, amounting to $8,300; that he also then owned sixty acres of land in Piatt county, Illinois, in which his mother, Mary J. Meredith, then sixty-four years of age, had a life estate; and that the sixty acres in Illinois was worth about $2,400 with the life estate encumbrance.

On April 10, 1896, Edwin McGath and his wife, Esther, conveyed the 240 acres in Indiana and the sixty acres in Illinois to Joseph M. Conway, trustee, upon the following trusts: First, that the said Conway as soon as possible after the death of said Edwin McGath should proceed to sell the northwest quarter of section 19, township 25 north, range 5 west, in White county, Indiana (being 160 acres of the 240 acres before mentioned), and out of the proceeds of such sale should pay Perry W. Hunter the unpaid balance amounting to $8,300 and interest thereon from January 10, 1896, being the unpaid balance due on said 160-acre tract, and the residue, if any, he should apply in payment of the just debts of the said Edwin McGath, and pay the residue, if any, to his wife, Esther Mc-

Gath; second, that the said trustee should deed to Esther McGath the west half of the northeast quarter of section 19, township 25 north range 5 west, in White county, Indiana (being eighty acres of said 240 acres), subject to the payment of the balance of the just debts of Edwin McGath; third, that said trustee should convey to Esther McGath the northeast quarter of the southeast quarter and the north half of the southeast quarter of the southeast quarter of section 31, township 21 north, range 6 east in Piatt county, Illinois (being the sixty acres here involved), for the use of said Esther McGath during her lifetime and after her death in fee to the children of said Edwin and Esther McGath, then living.

Edwin McGath died intestate April 18, 1896, leaving him surviving Esther McGath, his widow, and Maudie McGath, Alvin McGath and Hillary McGath, his children. Hillary was an infant and died about three months after the death of his father. Administration was had in White county, Indiana, upon the estate of Edwin McGath and an inventory filed showing the value of the chattel property to be $388. The chattel property at its appraised value was awarded to the widow upon her allowance. April 17, 1896, Joseph M. Conway, trustee, conveyed to Esther B. McGath, for her use during her life and after her death in fee to her children then living, the sixty-acre tract in Piatt county, Illinois, in pursuance of the provisions of the trust deed of April 10, 1896. February 2, 1897, the said Conway, as such trustee, conveyed to Perry W. Hunter the entire 240 acres of land in White county, Indiana, for the expressed consideration of $12,000, subject to a mortgage encumbrance of $2,000. February 3, 1897, Perry W. Hunter conveyed the eighty-acre tract in White county, Indiana, which according to the provisions of the trust deed was to have been conveyed by the trustee to Esther McGath subject to the payment of her husband's debts, to one James L. Stanford for the expressed consideration of $4,400, subject

to a mortgage encumbrance of $2,000, and April 8, 1899, Esther McGath and her then husband, Elliott S. Reardon, executed a quit-claim deed to said eighty-acre tract to Joseph M. Conway.

Esther Reardon was incompetent to testify as a witness to any conversation with her deceased husband, Edwin McGath (Goelz v. Goelz, 157 Ill. 33; Yokem v. Hicks, 93 Ill. App. 667), but excluding her testimony, there is competent evidence in the record clearly tending to show that she joined with her husband in the execution of the trust deed conveying her interest in the 240 acres of land in White county, Indiana, with the understanding and upon the condition that the sixty acres in Piatt county, Illinois, should be conveyed to her for life and her children in fee.

Joseph M. Conway testified that Mrs. McGath was present when he had a conversation with Edwin McGath about the deed; that Edwin McGath said his wife would sign the deed with him and that she was to have the Illinois land; that Mrs. McGath said she was willing to get the Illinois land. John A. DeGroff testified that he was present at the time the trust deed was executed; that Mrs. McGath said she would sign her right away to the Indiana land if the Illinois land was deeded to her for her lifetime and to her heirs, and that Edwin McGath said that would be all right. Cyrus A. Pilcher testified that he heard a conversation between Edwin McGath and his wife at the time the trust deed was executed; that Mrs. McGath said she would sign the deed for the Indiana land with the understanding that the Illinois land would be saved for her, and that McGath said he was willing to do that; that Mrs. McGath said she did not want to sign the deed unless that provision was made for her. This evidence on behalf of defendants in error stands uncontradicted in the record.

It is insisted on behalf of plaintiffs in error that as Esther McGath was the wife and not the widow of Edwin McGath at the time she joined in the execution

of the deed of trust, that her estates of dower and homestead being merely inchoate and in expectancy, a release by her of such inchoate and expectant estates could constitute no consideration passing from her for the conveyance to her of the sixty acres in Piatt county, that would be effective as against the creditors of her husband.

By the statutes of the State of Indiana, offered in evidence, it is provided that if a husband die testate or intestate, leaving a widow, one-third of the real estate shall descend to her in fee simple, free from all demands of creditors, provided, however, that where the real estate exceeds in value $10,000, the widow shall have one-fourth only, and where the real estate exceeds $20,000, one-fifth only, as against creditors; provided that if the husband shall have left a will, the wife may elect to take under the will instead of under the statute. And it is further provided that an amount of property not exceeding in value $600, owned by a resident householder, shall not be liable to sale on execution or any other final process from a court, for any debt growing out of, or founded upon a contract expressed or implied.

The value of the 240 acres in White county, Indiana, at the time of the execution of the trust deed to Conway is stipulated to have been $14,000, and as such value was in excess of $10,000, the inchoate right of dower of Mrs. McGath was one-fourth of said land in fee and her homestead exemption therein was of the value of $600.

A settlement of property by a husband upon his wife in consideration of a release by the wife of her inchoate rights of dower and homestead in other property owned by the husband, if the value of such rights released bears a reasonable proportion to the value of the property settled upon the wife, is valid and will prevail against existing creditors and subsequent purchasers. Patrick v. Patrick, 77 Ill. 555; Baldwin v. Heil, 155 Ind. 682.

At the time the deed of trust to Conway was executed, Edwin McGath was sick, and it is manifest that the conveyance and settlement then made was in contemplation of his impending death and his purpose to provide, as far as possible, for the payment of his debts and to secure to his wife, in consideration of the release by her of her rights in his real estate in Indiana, certain property in Illinois.

The actual value of Mrs. McGath's inchoate dower and homestead rights in the property involved, at the time the deed of trust was executed, may well be held to be equivalent to the value of her said rights upon the death of her husband, if no conveyance had been made, and it was evidently upon this basis that her rights were then considered and determined. The value of the 240 acres in White county, Indiana, in 1896, being fixed at $14,000, the dower interest therein of Mrs. McGath, being one-fourth in fee, would amount to $3,500, and her homestead exemption under the laws of Indiana would be $600, making the total value of her dower and homestead $4,100. In addition to her dower and homestead rights in the Indiana lands she had an inchoate right of dower in the sixty acres in Piatt county, Illinois. The sixty acres in Piatt county, Illinois, were encumbered by the life estate of Mary J. Meredith, the mother of Edwin McGath, and was worth in 1896 from $4,200 to $4,800, free of such life estate encumbrance. The evidence tends to show that the market value of that land in 1896, subject to the life estate encumbrance, did not exceed $2,400. If the sixty acres in Piatt county be taken at its market value in 1896 without regard to the life estate encumbrance, it will be seen that it approximates the value of Mrs. McGath's dower and homestead rights in her husband's real estate. If, however, the sixty acres in Piatt county be taken at its market value in 1896, subject to the life estate encumbrance, as we think it should be, it is manifest that the value of Mrs. McGath's dower and homestead

rights was considerably in excess of the value of said sixty acres.

It is, however, insisted, by counsel for plaintiffs in error, that as Mrs. McGath had joined in the mortgages on the 240 acres in White county, Indiana, aggregating about $8,300, her inchoate right of dower should be required to contribute to the payment of such mortgages and that the true value, if any, of her dower in those lands is to be ascertained by deducting the mortgage indebtedness from the value of the land and computing her dower in the residue only. In Baldwin v. Heil, *supra*, land of the value of $9,320 was encumbered by a mortgage amounting to $4,500, in which the wife had joined with her husband, and it was held that the value of the wife's dower was properly fixed at $3,106.66, or one-third of the value of the land making no deduction for the mortgage encumbrance. Assuming, however, in the case at bar, that the value of Mrs. McGath's inchoate dower right should be determined by deducting the mortgage indebtedness from the value of the land and computing her dower in the residue, the value of her dower would be $1,625, which together with $600, being the amount of her homestead exemption, would aggregate $2,225 as the total value of her dower and homestead in the 240 acres in White county, Indiana. The value of Mrs. McGath's dower and homestead rights thus ascertained so nearly approximates the value of the sixty acres in Piatt county, subject to the life estate of Mary J. Meredith, that the deed of trust must be held to have been a reasonably fair settlement upon her in consideration of the release by her of her rights in the Indiana lands.

It seems to be contended on behalf of plaintiffs in error that Esther McGath acquired title by virtue of the trust deed to eighty acres of the 240 acres in White county, Indiana, and that she should be charged with the then market value of said eighty acres in addition to the sixty acres in Piatt county, Illinois. By the

terms of the deed of trust the trustee was directed to convey said eighty acres in White county, Indiana, to Esther McGath, subject to the payment of the just debts of Edwin McGath. The trustee made no conveyance of the eighty acres to Esther McGath, but, as heretofore stated, he conveyed the entire 240 acres in White county, Indiana, to Perry W. Hunter, for its full market value. It does not appear that Esther McGath received any part of the proceeds of the sale to Hunter of said eighty acres, nor does it appear that she subsequently received from any source anything of value for her interest therein. The quit-claim deed to said eighty acres subsequently made by Esther McGath to Conway, was manifestly made merely to supply a link in the chain of title of Hunter and his grantee. The eighty acres in White county, Indiana, having been directed by Edwin McGath to be conveyed to his wife subject to the payment of the balance of his just debts, the provision in the. trust deed for such conveyance to her could not have affected the rights of plaintiffs in error, as creditors of Edwin McGath. If there was any breach of trust on the part of Conway, the trustee, in the sale and disposition of the proceeds of the eighty acres, or if Esther McGath, or her grantees, claimed any rights to the eighty acres in fraud of the rights of plaintiffs in error as creditors of Edwin McGath, doubtless the courts of Indiana, having jurisdiction of the subject-matter of the trust, would afford them ample remedy.

The decree of the Circuit Court dismissing the bill was right and will be affirmed.

*Affirmed.*