# RICH *v.* THE C. CALLAHAN COMPANY ET AL.

[No. 22,010. Filed May 14, 1913.]

1. CONSTITUTIONAL LAW.—*Bulk Sales Law.*—The bulk sales law (Acts 1909 p. 122) does not conflict with §§1, 23, Art. 1 of the Constitution of Indiana, nor §1, 14th amendment to the Constitution of the United States. p. 510.

2. STATUTES.—*Vagueness.—Bulk Sales Law.*—The bulk sales law (Acts 1909 p. 122) is not open to the objection that it is so vague and indefinite that the legislative intent cannot be determined. p. 510.

3. FRAUDULENT CONVEYANCES.—*Sales of Mercantile Stock.—Bulk Sales Law.*—The purpose of the bulk sales law (Acts 1909 p. 122) concerning sales of merchandise in bulk, is to prevent the perpetration of fraud against creditors, and it evidences no intent to affect the householder exemption laws. p. 511.

4. STATUTES.—*Householders' Exemptions.—Construction.*—The laws providing for householders' exemptions were passed pursuant to the mandate of the Constitution, and they are liberally construed. p. 511.

5. FRAUDULENT CONVEYANCES.—*Sales of Mercantile Stock.—Bulk Sales Law.—Householders' Exemptions.*—The bulk sales law (Acts 1909 p. 122) concerning sales of merchandise in bulk and providing that the purchaser of a stock of merchandise contrary to its provisions shall hold the same as receiver for the creditors of the seller, does not apply where the seller was at the time a *bona fide* resident householder of the State, whose entire property was of less value than $600, and the purchaser under such circumstances will take the title free from the claims of the seller's creditors. p. 511.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by The C. Callahan Company against Jacob D. Rich and another. From a judgment for plaintiff, the defendant, Rich, appeals. *Reversed.*

*T. B. Cunningham* and *Frank Davis,* for appellant.
*Hume L. Sammons,* for appellees.

MORRIS, J.—One Yoakum was a retail merchant, the owner of a stock of merchandise in Newton County, and was indebted to appellee, The C. Callahan Company, a whole-

sale mercantile corporation, in the sum of about $100, for merchandise sold him. While so indebted, Yoakum sold his entire stock of merchandise, in bulk, to appellant, Rich. In this sale there was no attempt to comply with §1 of the act approved March 3, 1909, commonly called the "bulk sales act." Acts 1909 p. 122. The C. Callahan Company instituted this action against Yoakum, for judgment on the account, and against appellant to have him declared a receiver and held accountable to Yoakum's creditors for the stock of merchandise under the provisions of §3 of the "bulk sales act." Acts 1909 p. 122. Yoakum was defaulted. Appellant filed a demurrer to the complaint, which was overruled, and error is predicated on this ruling.

Appellant claims this statute is invalid because in conflict with §§1, 23, Art. 1 of the Constitution of Indiana, and §1, 14th amendment to the Constitution of the United States. These claims were considered by this court in *Hirth-Krause Co.* v. *Cohen* (1912), 177 Ind. 1, 97 N. E. 1, and determined adversely to appellant's contention. It is also asserted by appellant that the statute is so vague and indefinite that the legislative intent cannot be determined. The statute, in our opinion, is not subject to such infirmity. *Hirth-Krause Co.* v. *Cohen, supra.* The court did not err in overruling appellant's demurrer to the complaint.

Appellant filed an answer in two paragraphs. The first was a general denial, and the second alleges that at the time of the sale and ever since that time, Yoakum was and continues to be a *bona fide* resident householder of Indiana; and, when the sale was made, all the property owned by Yoakum, including the stock of merchandise, had a total value of less than $600; a verified schedule of the property owned by Yoakum, at the time of the sale, was attached to the paragraph of answer and made a part thereof; it is further averred that the stock of merchandise was sold to appellant for a valuable consideration, and was exempt from sale on

execution or other process, under §745 Burns 1908, §703 R. S. 1881. A demurrer was sustained to the above paragraph of answer. There was a trial resulting in a judgment against Yoakum, on the account, and against appellant, adjudging him a receiver for all of Yoakum's creditors, and ordering him to make a detailed inventory of the stock of merchandise purchased from Yoakum, and file the same with the clerk, etc. It is earnestly contended by appellant that the court erred in sustaining the demurrer of the plaintiff to his second paragraph of answer. No brief has been filed by appellee, The C. Callahan Co., and we are not advised of the reason the trial court sustained the demurrer to the paragraph of answer.

3. The unquestioned purpose of the "bulk sales act" was to prevent the perpetration of frauds against creditors. *Hirth-Krause Co.* v. *Cohen, supra,* and cases cited. Neither expressly, nor by implication,
4. is any intent evidenced to affect our householder exemption laws. These laws were passed pursuant to the mandate of our Constitution, and have ever been liberally construed.

It has been uniformly held by this court, in actions to set aside conveyances for alleged fraud, that where the debtor is a resident householder, and is possessed only
5. of property of an aggregate value of less than $600, the statutory exemption, he may, in good faith sell or even give away such property, regardless of creditors' claims. *Faurote* v. *Carr* (1886), 108 Ind. 123, 9 N. E. 350; *Taylor* v. *Duesterberg* (1887), 109 Ind. 165, 9 N. E. 907; *Smith* v. *Selz* (1888), 114 Ind. 229, 16 N. E. 524; *Burdge* v. *Bolin* (1886), 106 Ind. 175, 6 N. E. 140, 55 Am. Rep. 724, and cases cited; *Isgrigg* v. *Pauley* (1897), 148 Ind. 436, 47 N. E. 821; *Stark* v. *Lamb* (1907), 167 Ind. 642, 647, 78 N. E. 668, 79 N. E. 895, and cases cited. A judgment against a resident householder whose entire property, real and personal is less than the amount allowed as exempt from exc-

cution, is not an enforceable lien on the debtor's real estate, and a purchaser of such property, before judicial sale, takes it exempt from any lien of such judgment. *Dumbould* v. *Rowley* (1888), 113 Ind. 353, 15 N. E. 463; *Ray* v. *Yarnell* (1889), 118 Ind. 112, 20 N. E. 705; *King* v. *Easton* (1893), 135 Ind. 353, 35 N. E. 181; *Citizens State Bank* v. *Harris* (1897), 149 Ind. 208, 48 N. E. 856, and cases cited; *Higgins* v. *Ormsby* (1901), 156 Ind. 82, 59 N. E. 321. The answer in controversy alleges that at the time of the sale the entire property of Yoakum was of less value than $600, and that he was a resident householder of this State. Under such state of facts, he had a right to sell his stock of merchandise freed from the provisions of the "bulk sales act" of 1909, and the purchaser took title thereto free of the claims of Yoakum's creditors. The court erred in sustaining the demurrer to appellant's second paragraph of answer, and by reason thereof, the judgment should be reversed. Other questions are presented but the conclusion reached renders their determination unnecessary.

Judgment reversed with instructions to overrule the demurrer to the second paragraph of appellant's answer.

NOTE.—Reported in 101 N. E. 810. See, also, under (1) 8 Cyc. Anno. 866, 1056, 1069, 1111; (2) 36 Cyc. 969; (3) 20 Cyc. 377; 20 Cyc. Anno. 449; (4) 18 Cyc. 1380; 36 Cyc. 1172; (5) 20 Cyc. 377; 20 Cyc. Anno. 449. As to the violation by statute of the constitutional sanctity of due process of law, see 20 Am. St. 556. For a discussion of the constitutionality of statutes prohibiting sales of merchandise in bulk, see 1 Ann. Cas. 557; 14 Ann. Cas. 437; Ann. Cas. 1912 C 706.