# CAHRLESTON.

## Cox v. Horner *et al.*

Submitted September 3, 1897—Decided November 17, 1897.

1. EQUITY—*Bill in Equity—Dismissal.*
    It is not error to dismiss petitions, filed in chancery suits, which fail to show sufficient equitable grounds for the relief sought thereby. (p. 788.)

2. DEED OF TRUST—*Grantor—Rents and Profits.*
    Unless otherwise stipulated, the grantor in a trust deed is entitled to the rents of the property conveyed until the trust is foreclosed by sale, or a decree is entered in a foreclosure suit sequestrating the rents. (p. 788.)

3. MARRIED WOMEN—*General Creditors—Rents and Profits.*
    The general creditors of a married women can only subject the rents of her real estate to the payment of her debts so long as she is legally entitled to the same. (p. 789.)

4. MARRIED WOMEN—*Equity of Redemption—Trust Creditor —General Creditors.*
    A married woman, who has conveyed her real estate to a trustee to secure a debt fully equal to; or largely in excess of its value, may surrender her valueless equity of redemption to the trust creditor, to avoid expense of a sale or the

cost of a suit, without detriment to her general creditors. (p. 790.)

5. Trust Creditor—*Married Woman—General Creditors' Suits.*

When a deed of trust creditor has become the *bona fide* owner in fee of a married woman's real estate, he has the right to intervene in a suit instituted by a general creditor of such married woman seeking to rent such property, for the purose of resisting such renting. (p. 790.)

Appeal from Circuit Court, Hampshire County.

Bills by H. H. Cox against Sallie L. Horner and others. From a decree dismissing his petitions to set aside a decree of seizure and sale, W. W. Wall appeals.

*Reversed.*

Alexander & Alexander and Forest W. Brown, for appellant.

W. B. Cornwell and R. W. Monroe, for appellee.

Dent, Judge :

W. W. Wall complains of certain decrees of the Circuit Court of Hampshire County in the case of H. H. Cox, plaintiff, against Sallie L. Horner *et al.*, defendants. The plaintiff filed his several bills against the defendant Sallie L. Horner, a married woman, for the purpose of subjecting her separate personal property, and the rents of her separate real estate, to the payment of a debt of six hundred and fifty dollars he had against her. After the court had seized and sold her separate personal property, the appellant, to wit, on the 27th day of May, 1895, filed his first and second petitions, which the court, to wit, on the 5th day of March, 1896, dismissed. The first petition sets up the ownership to the personal property under a written contract or bill of sale, and alleges that possession was not taken thereunder, but that it remained in the grantee; hence the contract is *prima facie* void as to the plaintiff's lien, fully consummated by seizure and sale of the property. This is not a case of oral sale and delivery of property of a married woman before the seizure thereof at the suit of a creditor, as in *Bruff* v. *Thompson*, 31 W. Va. 16 (6 S. E. 352). The petition, on its face, only makes out a case which is presumptively fraudulent in law, and it does

not in any manner negative such presumption. On the contrary, it fortifies it by the allegation "that by his permission said property has remained in her possession ever since said time, but subject to his title and right to the possession therof whenever he might see proper to take it into his possession." It fails to allege that petitioner paid a valuable, or any, consideration, or to in any manner excuse non-delivery. Hence the petition was insufficient in law, and the court committed no error in dismissing it, as it only made out the plaintiff's right to subject the property. *Poling* v. *Flanagan*, 41 W. Va. 190 (23 S. E. 685); *Curtin* v. *Isaacsen*, 36 W. Va. 391 (15 S. E. 171).

The second petition set up the fact that the defendant Sallie L. Horner was indebted to the petitioner in the sum of five thousand dollars, with interest from the 7th day of March, 1892, secured by a deed of trust executed by the said Sallie L. Horner and husband on the real estate in controversy on said 7th day of March, 1892, and duly recorded on the 22d day of March, 1893; alleges that such trust is a prior lien to any claim that plaintiff may have to such real estate; and prays that the same may be rented to pay such lien until it can be sold for the satisfaction thereof. This petition is demurrable, in that it fails to make proper parties thereto; and it is fatally defective, in that it fails to set out any grounds for equitable relief. According to the terms of the deed of trust, the petitioner had the right to have the same executed at once by the trustee, in so far as the petition shows, and thereby relieve himself more promptly and speedily than a court of equity could possibly do. There is no allegation that the corpus of the real estate is an insufficient security for the debt, or that the trustee is incapacitated from acting, or refuses to do so, or that any prior liens exist, or other excuse for equitable interference, except that a subsequent lienor is after the rents and profits, which, however, is not alleged to be to the depreciation of petitioner's security. "As a general rule, the grantor in a trust deed is entitled to the rents and profits until foreclosure, in the absence of a different stipulation in the deed. But, after a decree has been entered directing a sale, the beneficiary is entitled to a receiver for the rents and profits pending the further proceedings." 26 Am. & Eng.

Enc. Law, 880; *Bidwell* v. *Paul*, 5 Baxt. 693. The deed of trust in controversy did not convey, or give a lien on, the rents and profits; but they remained the separate property of Mrs. Horner, and liable to the suit of her creditors until a foreclosure by sale, or a proper suit was instituted to sell the same, showing the otherwise insufficiency of the security. The plaintiff was only seeking to appropriate the rents on which the trust creditor had not as yet acquired a lien, or the right of disposal; and it was therefore not proper to permit the latter to intervene in such suit, unless upon some just, equitable grounds. *Howe* v. *Stertz*, 26 W. Va. 555. It is possible that petitioner had the right to present his debt in the suit, especially after reference, as a simple-contract debt against Mrs. Horner; but this he was not asking, as it would have made him subsequent in priority to the plaintiff, and given him no relief.

After the court had disposed of the personal property, and rented the real estate for one year, beginning on the 1st day of April, 1895, and ending on the 1st day of April, 1896, and was about to rent it for the second year to the plaintiff, Cox, at the price of fifty dollars, the appellant, to wit, on the —— day of May, 1896, presented his third petition, in which, in addition to the facts set up in his former petitions, he alleges that on the 30th day of March, 1896, with the consent of the parties thereto, under and by virtue of the trust deed he purchased the real estate at the price of three thousand five hundred dollars,—a sum much less in amount than his lien (credit to be given thereon),— of the trustee, and that on the 18th day of April, 1896, the trustee executed a deed conveying him the legal title, in which Sallie L. Horner and her husband, T. F. Horner, joined, thereby giving him complete title to the property; and he asks that he may be made a party to the suit, and allowed to defend the same, and that the orders renting the real estate may be cancelled, set aside, and annulled. The court, on objection of the plaintiff, refused to allow such petition to be filed. In this the court erred. There are three ways in which a deed of trust lien may be foreclosed,—by decree of court, by a sale by the trustee, and by a surrender of the property, and full conveyance thereof, by the grantors and trustee to the *cestui que* trust, in con-

sideration of the whole or a part of his debt. And the latter method, if *bona fide* and free from fraud, and for a full consideration, is just as effectual as either of the other ways, and operates just as completely to extinguish the right of the creditors of a married woman to subject such property to rental. To hold otherwise would be to impair the corpus of her real estate, and indirectly deprive her of the disposal thereof. She, having already conveyed away the corpus to secure her indebtedness, had nothing left therein but an equity of redemption, with the right to the rents until the foreclosure of the trust, and had a perfect right to surrender such equity, if valueless, to the *cestui que* trust; for in so doing she does not defraud her other creditors, as the *cestui que* trust could accomplish the same end by a sale by the trustee, or a bill in equity. *Johnson* v. *Riley*, 41 W. Va. 140 (23 S. E. 698). Such a transaction is subject to careful scrutiny. If it is free from fraud, and done for the mere purpose of effectuating the ends of the trust deed, it will be upheld. On the face of the petition, and the exhibit filed therewith, the transaction appears perfectly fair and free from fraud, and shows the petitioner to be the true owner of the property from the date of his purchase. · Such being the case, he has the right to contest further renting of the property at the instance of the plaintiff. The rents, however, that accrued prior to his purchase, belonged to Mrs. Horner, and were properly sequestered for the payment of plaintiff's debt. The decree of the 23d day of May, 1896, is therefore reversed, and this cause is remanded to be further proceeded in according to the rules of equity.

*Reversed.*