B. IMHOLT, Appellant, v. A. J. McCoy et al., Appellees.

**FRAUDULENT CONVEYANCES:** Absence of Equity—Effect. A fraudulent conveyance will not be set aside at the instance of a judgment creditor of the grantor's when there is no equity in the property over and above the unquestioned incumbrances thereon.

Headnote 1: 27 C. J. pp. 419, 828.

Headnote 1: 12 R. C. L. 614.

*Appeal from Hamilton District Court.*—SHERWOOD A. CLOCK, Judge.

NOVEMBER 23, 1926.

Action in equity, to set aside a conveyance of certain real estate and to subject the same to the satisfaction of a judgment in behalf of plaintiff. The court dismissed the plaintiff's petition, and he appeals.—*Affirmed.*

*Martin & Alexander,* for appellant.

*F. J. Lund,* for appellees.

FAVILLE, J.—The appellees Ed McCoy and Mary McCoy are husband and wife. Ed McCoy was indebted to the appellant on certain notes that were executed December 28, 1922. The notes were reduced to judgment on the 17th day of March, 1924, said judgment being for $2,668.41 and costs. Ed McCoy was the owner of a garage in Webster City. The garage was incumbered by mortgages aggregating the sum of $22,000, which the evidence shows was in excess of the value of the property to a substantial amount. On September 18, 1923, appellee Ed entered into a written contract with one Waddell for the exchange of said garage for the land in controversy in this action, consisting of 270 acres in Butler County, Iowa. The contract provided that the garage was to be conveyed subject to the mortgages thereon, and that the farm should be conveyed subject to a mortgage of $10,000 thereon, and that McCoy was to give back

to Waddell a mortgage on said premises for $6,000. Deeds were placed in escrow, to be delivered upon the completion of this contract. On December 6, 1923, Ed assigned his interest in said contract to his wife, Mary, under an agreement by which he was to take a deed from Waddell to the Butler County land and then convey the same to Mary. At the time of the settlement, on or about March 1, 1924, Waddell was unable to pay the interest and taxes upon the Butler County farm, and a new adjustment was made, whereby Waddell agreed to accept a mortgage of $5,700 in lieu of the $6,000 mortgage provided for in the contract, and Mary agreed to pay the taxes and the interest on the first mortgage. This deal was consummated, and the Waddell deed in escrow was delivered to Ed, who in turn deeded the premises to Mary. The latter assumed the mortgage of $10,000 which was outstanding on the Butler County farm, paid the taxes of $430 and the accrued interest of $650, and executed the mortgage of $5,700 to Waddell. It is apparent from the record that the only consideration paid by the grantee Mary for the conveyance from Ed to her was the assumption of the outstanding incumbrances against the property and the payment of the interest and taxes. By amendment to her answer, Mary alleged that she had from time to time advanced various sums of money to her husband, Ed, and that a part of the consideration for the conveyance from Ed to her was a partial satisfaction of the said indebtedness. We are not favored with a copy of any of the exhibits in the case, and are not advised of the recitals of the written contract between Ed and his wife respecting the transfer of said premises; but under the oral testimony it is apparent that the sole consideration for the transfer of the real estate in question was the assumption by Mary of the incumbrances on the farm and the payment of the interest and taxes, amounting to $1,080.

Appellant argues that he is entitled to subject any equity there may be in the land to the payment of his judgment. It may be conceded that a court of equity, under proper circumstances, could subject the equity in the land, if any, over and above the mortgages assumed and the interest and taxes paid by the appellee, to the satisfaction of appellant's judgment. *Buell v. Waite*, 200 Iowa 1020. In the instant case, however, the record sufficiently sustains the action of the trial court in decreeing that there was no such equity. The record abundantly dis-

closes that the Butler County farm was a poor farm. Part of the land was rough and uncultivated. The evidence with regard to the value ranges from $50 to $90 per acre. At the lower amount, the incumbrances, interest, and taxes exceeded the value of the premises by more than $3,000. We think, upon the whole record, that the equity in the land in question, if any, over and above the consideration paid in the mortgages assumed and the interest and taxes paid by the appellee Mary is of so trivial a value, in any event, that the trial court was fully warranted in refusing to set aside the conveyance. *McCormick Harv. Mach. Co. v. Pouder*, 123 Iowa 17; *Tait v. Crissman*, 158 Iowa 220; *Marmon v. White*, 151 Ind. 445 (51 N. E. 930); *Keith v. Albrecht*, 89 Minn. 247 (94 N. W. 677); *Cox v. Horner*, 43 W. Va. 786 (28 S. E. 780). The evidence is conclusive that there was no equity whatever in the garage property belonging to Ed which was exchanged for the Butler County farm; in fact, the incumbrances are clearly shown to have exceeded the value of that property.

Upon the entire record, we are content with the conclusions of the trial court, and the decree appealed from is, therefore,—*Affirmed.*

De Graff, C. J., and Stevens and Vermilion, JJ., concur.