In re BABCO, INC., d/b/a Crawford and Mascioli Block Company, Debtor.

BABCO, INC., d/b/a Crawford and Mascioli Block Company, Plaintiff,

v.

George .A. MARKUSIC, Defendant.

Civ. A. No. 82–2518.
Bankruptcy No. 82–2911.
Adv. No. 82–1977.

United States District Court,
W.D. Pennsylvania.

March 22, 1983.

Edward A. Olds, Pittsburgh, Pa., for plaintiff.

George A. Markusic, pro se.

D. Keith Melenyzer, Charleroi, Pa., for defendant.

OPINION

ZIEGLER, District Judge.

This is an appeal from the order of the United States Bankruptcy Court for the

Western District of Pennsylvania dated October 1, 1982. The sole issue is whether property leased to a debtor is property of the debtor's estate thus subjecting any actions upon the property to the automatic stay provisions of 11 U.S.C. § 362. We hold that the leased property in this case is subject to the automatic stay provisions and the decision of the Bankruptcy Court must be reversed.

### I. *History of the Case*

On September 3, 1982 Babco, Inc. filed a petition for bankruptcy pursuant to Chapter 11 of the Bankruptcy Code. At the time of the filing, Babco was leasing various real and personal property from its president and sole stockholder, Blaine Beeghly. Beeghly had purchased the property from Joseph R. Mascioli and his wife, subject to a deed of trust. Defendant, George A. Markusic, is the trustee. The beneficiary is Joseph R. Mascioli.

The deed of trust required Beeghly to make monthly payments to the beneficiary. In the event of default, the trustee was authorized to sell the property and distribute the proceeds to Mascioli. Beeghly defaulted on the payments and the beneficiary repurchased the property at a trustee's sale on September 10, 1982. However, prior to the sale, namely, on September 8, 1982, the trustee was served with an order for relief in connection with plaintiff's bankruptcy case.

On September 17, 1982 Babco commenced a proceeding in the Bankruptcy Court to enjoin the trustee from executing a deed and transferring the property. On September 21, 1982 that Court entered a restraining order enjoining the trustee from executing a deed or other document to perfect the transfer of the property. On September 28, 1982 a hearing was held with respect to plaintiff's request for a preliminary injunction. The Bankruptcy Court denied the request on October 1, 1982, and the instant appeal followed.

### II. *Property of the Debtor's Estate*

Babco avers that, although the property is not owned by plaintiff, the lease from Beeghly creates a sufficient property interest so tht the leasehold interest must be considered property of the debtor's estate. Babco further contends that because bankruptcy proceedings were commenced on September 3, 1982, the automatic stay provisions of the Bankruptcy Code proscribe any act to obtain possession of the property of the debtors estate after commencement of the proceedings. According to Babco the sale is void because the trustee's sale occurred after the filing of the bankruptcy petition and involved property of the debtor's estate. We agree.

The starting point for our analysis is the pertinent section of the automatic stay provision which reads as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title operates as a stay, applicable to all entities, of—

\* \* \* \* \* \*

(3) any act to obtain possession of property of the estate or of property from the estate....

11 U.S.C. § 362.

There can be no dispute that transferring leased property by a trustee's sale constitutes an act to obtain possession. A purchaser is not bound by the lease, and the lessee is deprived of possession. The only dispute here is whether the leasehold interest is property of the debtor's estate.

The Code defines property of the debtor's estate as follows:

(a) The commencement of a case under Sections 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsection (b) and (c)(2) of this section, all *legal or equitable* interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541 (Emphasis added).

The legislative history of § 541 is unequivocal. A leasehold interest is either a legal or equitable interest of the debtor's estate. The House report states:

This section defines property of the estate, and specifies what property becomes property of the estate. The commencement of a bankruptcy case (a), the estate is comprised of all legal or equitable interest of the debtor in property, wherever located, as of the commencement of the case. The scope of this paragraph is broad ... The debtor's interest in property also includes 'title' to property, which is an interest, just as are possessory interest, *or leasehold interest* ...

H.R. No. 595, 95th Cong., 1st Sess. 367 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 6323. (Emphasis added).

■ Case law is also consistent. If a debtor is a lessee of property at the time the petition for bankruptcy is filed, the leasehold interest is deemed property of the debtor's estate. *See State of Missouri v. U.S. Bankruptcy Ct. for the Eastern Dist. of Ark.,* 647 F.2d 768 (8th Cir.1981); *In Re Northwest Recreational Activities,* 4 B.R. 36, 43 (Bkrtcy.N.D.Ga.1980). Moreover, once a leasehold interest is categorized as property of the debtor's estate, an action may not be commenced in contravention of the automatic stay provisions of 11 U.S.C. § 362. *See Gibbs v. Housing Authority of New Haven,* 9 B.R. 758 (Bkrtcy.Conn.1981).

Although federal law determines what constitutes property of the debtors estate, we must examine state law to determine whether Babco has a valid legal or equitable interest. 4 W. Collier, Collier on Bankruptcy ¶ 541.02 (15th Ed.1982). If the lease is valid under state law, the leasehold interest is subject to the automatic stay provisions. The parties agree that West Virginia law is controlling.

In determining whether Babco possesses a valid leasehold interest, two separate issues must be addressed. First, whether the deed of trust prevented or restricted the right of Blaine Beeghly to lease the property. Second, whether the lease was executed in conformity with the elements of a lease under West Virginia law.

■ We hold that Beeghly had the power to lease the property under the controlling law. West Virginia law provides that unless otherwise stipulated, a grantor of a trust deed is entitled to the rents from the property until the trust is foreclosed by sale, or a decree is entered in a foreclosure action to sequester the rents. *Cox v. Horner,* 43 W.Va. 786, 28 S.E. 780 (1897). Implied in the right to receive rent is the authority to lease property to generate income. Thus, we must analyze the deed of trust to determine whether the parties agreed to prohibit or restrict the right to lease the property. Two portions of the instrument refer to rents or leasing. The first clause reads as follows:

Upon the maturity of the indebtedness hereby secured either by lapse of time or by reason of any default on the part of the party of the first part, the trustee herein, or his successor, or the then holder of the said note, shall have the right forthwith to enter into and upon the premises herein described and take possession thereof and *receive and apply the rents, issues and profits thereof,* ...

The reference to rents, issues and profits implies that the parties anticipated that Beeghly had the power to lease the property and receive rental income. The second clause may be characterized as a due on sale or acceleration clause which states:

If all or any part of the property or an interest therein is sold or transferred by the party of the first part without the beneficiary's prior written consent, excluding (a) the creation of a lien or encumberance subordinate to this Deed of Trust, (b) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (c) *the grant of any leasehold interest of three years or less but not containing an option to release or to purchase,* then the beneficiary may, at the beneficiary's option, declare all the sums secured by this Deed of Trust to be immediately due and payable.

Two leases are involved in this proceeding. One is for personal property; the second is for real property. Both are for periods in excess of three years, and the former contains an irrevocable option to purchase. However, although both leases

violate the due on sale clause, we conclude that they are neither invalid nor void. The leases are valid and enforceable between the lessor and lessee because the due on sale clause merely permits the grantee of the trust to "declare all the sums secured by this Deed of Trust to be immediately due and payable."

A lease in violation of a due on sale clause is analagous to a sale or transfer of encumbered property. Courts have analyzed such a sale as valid despite the mortgagee's entitlement to payment in full. *See Lipps v. First American Service Corp.*, 223 Va. 131, 134, 286 S.E.2d 215, 218 (1982). Moreover, a holding that a due on sale clause invalidates a transaction may render the clause totally unenforceable, since it may constitute an unreasonable restraint on alienation which is not favored under West Virginia law. *See Nat. Bank of Commerce of Charleston v. Wehrles*, 124 W.Va. 268, 20 S.E.2d 112 (1942). We hold that the leases are valid despite the presence of a due on sale clause in the Deed of Trust.

■ The final question we must resolve is whether the leases contain the essential elements of a lease under West Virginia law. No particular form or words are necessary to create a lease in that jurisdiction. Any writing is satisfactory if it sufficiently explains the intent of the parties and provides that one party shall relinquish possession for a determinate period of time. *Consolidation Coal Co. v. Mineral Coal Co.* 147 W.Va. 130, 126 S.E.2d 194 (1962). The leases here meet those threshold requirements. The fact that they were not recorded is also not controlling because recording is not an essential under West Virginia law. 11B Michie's Jurisprudence of Virginia and West Virginia, § 8 Landlord and Tenant (19).

Aside from these jurisprudential requirements, West Virginia positive law mandates that a lease of real property for more than five years must be by deed. W.Va.Code § 36–1–1 (1923). The lease of realty here is for a 20-year period. However, the lease is not void for failure to comply with the statute because a landlord-tenant relationship is created which is either a tenancy at will or a tenancy from year to year. *Arbenz v. Exley, Watkins & Co.*, 52 W.Va. 476, 44 S.E. 149 (1903). Thus the duties and liabilities of Babco and Beeghly are set forth in written leases which are either at will or by year to year. We hold that a leasehold interest existed with Babco as lessee at the time the petition for bankruptcy was filed.

### III. Conclusion

■ In sum we hold that Babco possessed a valid leasehold interest in the disputed property when the bankruptcy petition was filed. The interest constituted property of Babco's estate, which was subject to the automatic stay provision of the Bankruptcy Code. The stay provision prohibits any action to obtain possession of the leasehold interest of plaintiff. The trustee's attempted sale was impermissible because Babco's right to possession would be abrogated following the sale. The decision of the Bankruptcy Court to vacate the stay must be reversed.

We note that the trustee may request relief from the stay if defendant can establish the circumstances enumerated in 11 U.S.C. § 362(d). However, a stay must issue and remain in effect until defendant satisfies that burden.